742 So.2d 1197 (1999)
Stevie OTT a/k/a Steven T. Ott, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00011-COA.
Court of Appeals of Mississippi.
June 8, 1999.
*1198 Veldore F. Young, Meridian, Attorney for Appellant.
Office of the Attorney General by Scott Stuart, Attorneys for Appellee.
*1199 BEFORE BRIDGES, C.J., COLEMAN, AND IRVING, JJ.
BRIDGES, C.J., for the Court:
¶ 1. Stevie Ott a/k/a Steven T. Ott was indicted, tried, and convicted of two counts of the crime of intimidating a witness in the Clarke County Circuit Court. He was sentenced to serve a term of two years in the custody of the Mississippi Department of Corrections, running concurrently to each count of the indictment, but running consecutively to cause # 713-97, and was also fined $250 on each count. Aggrieved, Ott argues on appeal that: 1) the confidential informants were not reliable and should not have been allowed to testify, 2) the court erred in allowing the State to elicit detailed and lengthy testimony concerning his prior convictions, and 3) the evidence was insufficient to convict him of intimidating a witness. Finding no merit to the issues raised, we affirm.

FACTS
¶ 2. On or about September 7, 1996, Ott went with several friends to the city park in Stonewall, Mississippi, where he came in contact with two confidential informants, Kenya Irving and Marlon Knox, that had been working for the Mississippi Bureau of Narcotics. The previous day one of the informants, Irving, had taken an undercover agent to Ott to purchase drugs, and consequently, he was arrested. While at the park, Ott made threatening statements to a group of people, including Irving and Knox, stating that he was going to find out who "did him in," and that once he did, he would kill them and their family. Irving reported this incident to Officer Bishop, and Ott was later arrested and indicted for two counts of intimidating a witness.
ARGUMENT AND DISCUSSION OF LAW
I. WHETHER THE CONFIDENTIAL INFORMANTS WERE UNRELIABLE AND SHOULD NOT HAVE BEEN ALLOWED TO TESTIFY.
III. WHETHER THE EVIDENCE SUBMITTED BY THE STATE WAS INSUFFICIENT TO CONVICT THE DEFENDANT.[1]
¶ 3. Ott argues on appeal that the confidential informants' testimonies were not reliable since each admitted to committing perjury, and since both admitted to including information in their signed statements to Agent Bishop to which they had no personal knowledge. The State argues that since Ott failed to raise this issue at trial, he is procedurally barred from raising it now. Furthermore, without waiving the bar, the State argues that under Mississippi law, every person is competent to be a witness, subject to two exceptions that do not apply in this case. The State contends that conflicting testimony is a matter for the jury to resolve. We agree.
¶ 4. It is this Court's finding that Issue I is procedurally barred. The law is well settled in this state that the assertion on appeal of grounds for an objection which was not the assertion at trial is not an issue properly preserved on appeal. Ballenger v. State, 667 So.2d 1242, 1264 (Miss.1995). Ott raises an objection on appeal that can be found nowhere in the record; therefore, his objection was not properly preserved on appeal.
¶ 5. Alternatively, without waiving the procedural bar, Ott's two issues challenge the sufficiency and weight of the evidence. In reviewing the legal sufficiency of the evidence, our authority to disturb the jury's verdict is quite limited. Clayton v. State, 652 So.2d 720, 724 (Miss.1995). The standard of review for challenges to the sufficiency of the evidence is set forth in McClain v. State:

*1200 The three challenges by McClain (motion for directed verdict, request for peremptory instruction, and motion for JNOV) challenge the legal sufficiency of the evidence. Since each requires consideration of the evidence before the court when made, this Court properly reviews the ruling on the last occasion the challenge was made in the trial court. This occurred when the Circuit Court overruled McClain's motion for JNOV. In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with McClain's guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
McClain v. State, 625 So.2d 774, 778 (Miss. 1993). We review the ruling on the last occasion the challenge was made: Ott's motion for judgment notwithstanding the verdict. Furthermore, Ott's argument that the informants's testimony was unreliable and that they should not have been allowed to testify is without merit. The Mississippi Supreme Court has held that the jury has the duty to determine the impeachment value of inconsistencies or contradictions as well as testimonial defects of perception, memory, and sincerity. Noe. v. State, 616 So.2d 298, 302 (Miss. 1993) (citing Jones v. State, 381 So.2d 983, 989 (Miss.1980)). In Evans v. State, 159 Miss. 561, 132 So. 563, 564 (1931), the Mississippi Supreme Court said:
We invite the attention of the bar to the fact that we do not reverse criminal cases where there is a straight issue of fact, or a conflict in the facts; juries are impaneled for the very purpose of passing upon such questions of disputed fact, and we do not intend to invade the province and prerogative of the jury.
¶ 6. In the case at bar, Irving and Knox both testified as to the events that occurred that day in the park, and that Ott had stated that he was going to find out who "did him in," and that he was going to kill them and their family. Irving also testified that Ott and his friends went by his house looking for him before finding him in the park. Irving testified that Ott's statements made him concerned for himself and for his family. Knox testified that Ott meant to threaten the ones that he had recently sold drugs to. The jury weighed the evidence, believed the State's witnesses, and convicted Ott. Thus, the evidence being sufficient, the trial court did not err in overruling Ott's motion for judgment notwithstanding the verdict.
¶ 7. Additionally, Ott claims that the verdict was against the overwhelming weight of the evidence. Our standard of review is dictated by McClain:
[T]he challenge to the weight of the evidence via motion for a new trial implicates the trial court's sound discretion.... New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice. We reverse only for abuse of discretion, and on review we accept as true all evidence favorable to the State.
McClain, 625 So.2d at 780. As stated above, there was direct testimony from Irving and Knox that Ott was the man that had made the threatening remarks that day at the park. Irving testified that he was frightened for himself and for his family. The jury was provided ample testimony, and it was the province of the jury to weigh the credibility of the witnesses. The trial court did not abuse its discretion in overruling Ott's motion for a new trial. Issues I and III are without merit.

*1201 II. WHETHER THE COURT ERRED IN ADMITTING EVIDENCE OF THE DEFENDANT'S PRIOR CONVICTIONS.
¶ 8. Ott argues on appeal that the court erred in permitting the State to elicit detailed and lengthy testimony about his prior convictions that arose out of his activities with Irving and Knox the day before Ott allegedly attempted to threaten or intimidate them. Ott contends that the testimony was irrelevant, and that its prejudicial effect outweighed its probative value. Ott argues that the evidence was used to infer that he had been involved in drug transactions with Irving and Knox, and therefore, he must have threatened them.
¶ 9. The State argues that evidence of the previous day's drug transactions, which were unresolved when Ott allegedly threatened Irving and Knox, was necessary to prove that Ott had the motive and intent to threaten and intimidate these potential witnesses at any subsequent trial, thus bringing the evidence within one of the exceptions to the bar of Rule 404(b). The State contends that the prior convictions are interrelated with the intimidation of the witnesses since they show Ott's motive and intent for making the threats. Furthermore, the State argues that had Ott not been charged with selling drugs, there would have been no reason for him to attempt to intimidate a witness. Thus, it was necessary to introduce Ott's activities of the previous day involving Irving and Knox. We agree with the State's reasoning.
¶ 10. Generally, evidence of a crime other than the one for which the accused is being tried is not admissible. Ballenger v. State, 667 So.2d 1242, 1256 (Miss.1995). Prior convictions or wrongful acts may not imply that the defendant is the type of person likely to commit the crime charged. Jenkins v. State, 507 So.2d 89, 92 (Miss.1987). However, such evidence may be admitted for other evidentiary purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident pursuant to M.R.E. 404(b). See Robinson v. State, 497 So.2d 440, 442 (Miss.1986). Evidence of other crimes, wrongs, or acts is admissible if the present case and the other offense are "so interrelated as to constitute a single transaction or occurrence or a closely related series of transactions or occurrences." Neal v. State, 451 So.2d 743, 759 (Miss.1984). The rationale for admitting evidence of certain closely related acts is that the State "has a legitimate interest in telling a rational and coherent story of what happened...." Brown v. State, 483 So.2d 328, 329 (Miss. 1986) (citations omitted). If evidence of other bad acts is deemed relevant under M.R.E. 404(b), the court must then determine whether the probative value of the evidence is substantially outweighed by the considerations of M.R.E. 403. Lester v. State, 692 So.2d 755, 779 (Miss.1997). It is in the trial judge's discretion to determine the relevancy of the evidence, and his decision will not be reversed unless there is a clear abuse of discretion. Bounds, 688 So.2d at 1369. It is this Court's finding that the trial court properly admitted the evidence under Rule 404(b) because it indicated a possible motive and showed intent. Furthermore, the trial court did make adequate findings regarding relevancy under Rule 403. Lastly, it is apparent from the record that no limiting instruction was sought or given by the trial court sua sponte. "Although Smith held it reversible error for the court not to give a limiting instruction sua sponte, neither Smith or any other case on point that had this type of error held that this oversight is not subject to a harmless error analysis." Moss v. State, 727 So.2d 720 (¶ 23)(Miss.Ct.App.1998) (citing Smith v. State, 656 So.2d 95, 99 (Miss.1995)). In Givens v. State, 730 So.2d 81 (¶ 33)(Miss.Ct.App.1998), this Court cited to Forrest v. State, 335 So.2d 900, 903 (Miss.1976), where the supreme court stated, "An error is harmless only when it is apparent on the face of the record that a *1202 fair-minded jury could have arrived at no verdict other than that of guilty." (citations omitted).
¶ 11. In the case sub judice, the State presented ample evidence that Ott threatened and attempted to intimidate both Irving and Knox. As we stated above, our supreme court has held that jurors may accept or refuse testimony witnesses, and it is not for this Court to decide their credibility. Williams v. State, 427 So.2d 100, 104 (Miss.1983). Further, in Doby v. State, 532 So.2d 584, 590 (Miss.1988), the supreme court held that the testimony of a single witness is sufficient to support a conviction. As to matters upon which the evidence was in conflict, the court should assume that the jury resolved the conflict in a manner consistent with the verdict. Gossett v. State, 660 So.2d 1285, 1294 (Miss.1995).
¶ 12. Therefore, this Court finds that in view of the overwhelming evidence against Ott, the trial court's failure to sua sponte give a limiting instruction regarding Ott's prior convictions was harmless error. However, we find it necessary to repeat Judge Coleman's remark in Givens: "Lower courts and prosecuting attorneys must not commit errors on the speculation that the Supreme Court [or the Court of Appeals] will affirm on the ground of harmless error." Givens, 730 So.2d at 91 (quoting Townsend v. State, 605 So.2d 767, 771 (Miss.1992)). This issue is without merit.
¶ 13. THE JUDGMENT OF THE CLARKE COUNTY CIRCUIT COURT OF CONVICTION OF TWO COUNTS OF INTIMIDATING A WITNESS AND SENTENCE OF TWO YEARS ON EACH COUNT TO RUN CONCURRENTLY, BUT CONSECUTIVELY TO LAUDERDALE COUNTY CRIMINAL CAUSE # 713-97 IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
NOTES
[1] Since both issues I and II challenge the sufficiency and weight of the evidence, Issue III is out of sequence.