¶ 1. Ormon Rob Cooper appeals pro se the denial of his motion for post-conviction relief from the Itawamba County Circuit Court. Subsequent to pleading guilty to sale of more than one ounce but less than one kilogram of marijuana, Cooper was sentenced to ten years, with four years suspended, in the custody of the Mississippi Department of Corrections, such sentence to run concurrently with a sentence from an Alabama court. The suspended sentence was revoked after Cooper failed to report to jail as required, and the court ordered the sentence to be served consecutively to his seven-year sentence in Alabama.
¶ 2. Aggrieved by this judgment, Cooper raises three issues for our review:
I. THAT THE APPELLANT'S ORIGINAL SENTENCE WAS ILLEGAL BECAUSE THECOURT WAS WITHOUT AUTHORITY TO SUSPEND IMPOSITION OF HIS SENTENCE.
II. THAT THE APPELLANT WAS EXPOSED TO DOUBLE JEOPARDY.
III. THAT THE APPELLANT WAS DENIED THE RIGHT TO EFFECTIVEASSISTANCE OF COUNSEL AT HIS PLEA HEARING.
¶ 3. We address the first two issues and reverse the judgment of the circuit court.
 FACTS
¶ 4. Cooper was indicted for the sale of marijuana on September 23, 1993, and entered his plea of guilty on June 27, 1995. The judge asked Cooper if he was on probation at the time that he committed the crime, and Cooper responded that he was not on probation at that time. However, the court determined that Cooper remained on probation for a previous offense and revoked that probation, ordering Cooper to serve the balance of the previous sentence, a term of five years.
¶ 5. Pursuant to the plea agreement, the district attorney recommended that Cooper be sentenced to ten years, with four years suspended, and that he be required to pay restitution. The district attorney further recommended that Cooper serve the six years concurrently with his sentence of seven years for a case in Franklin County, Alabama, that was on appeal.
¶ 6. After thoroughly questioning Cooper about his plea in the present case, the circuit court determined that Cooper "knowingly, understandingly, freely and voluntarily entered this plea of guilty" and "that there is factual basis for such plea." In response to the court's intention to defer sentencing until the Alabama case could be decided, Cooper's attorney requested that Cooper be sentenced immediately because the "truth in sentencing" law would take effect during the interim. The court followed the district attorney's recommendation and sentenced Cooper to ten years with four of the ten years suspended pending Cooper's "future good behavior." The six years to serve would run concurrent to the Alabama sentence and concurrent to the prior five-year sentence of the Itawamba County Circuit Court for which Cooper's probation was revoked. The court also ordered Cooper to pay $120 to the Tupelo Crime Lab, $320 to the North Mississippi Narcotics Unit, and a fine in the amount of $1,750 within 90 days.
¶ 7. The court specified that Cooper would be allowed to remain out of jail until October 1, 1995, and that Cooper should report to the Itawamba County Sheriff's *Page 1044 
Department on that date if no decision had been rendered in the Alabama case. The judge explained that he would impose the four years that he suspended for Cooper to serve and run the sentence consecutive to the Alabama sentence if Cooper violated any laws while he remained free. Cooper failed to surrender himself to the Itawamba County Sheriff's Department and failed to pay the fines and restitution within the allotted 90 days. On December 28, 1995, the circuit court found that Cooper violated the terms of his conditional sentence and entered an order revoking the previously ordered sentencing terms, requiring the same fines and restitution, and eliminating the sentence suspension. The court ordered that Cooper be incarcerated immediately and directed that the 10 years in the custody of the Mississippi Department of Corrections would run consecutive to the sentence imposed by the Alabama court.
¶ 8. Cooper filed a motion to vacate his guilty plea on October 31, 1996, and the judge dismissed it without prejudice on October 30, 1997, for failure to substantially comply with Miss. Code Ann. §99-39-9 (Rev. 1994). Cooper filed another motion to vacate the judgment and sentence on October 23, 1997. That motion was denied as the court found that it was "manifestly without sufficient merit to warrant an evidentiary hearing in this cause."
 ANALYSIS OF THE ISSUES I. Was the appellant's original sentence illegal because the courtlacked authority to suspend imposition of his sentence?
¶ 9. Cooper claims that his initial sentence, pursuant to the plea agreement, was illegal because the circuit court ordered a partially suspended sentence in violation of Miss. Code Ann. §47-7-33 (Rev. 1993).[1] Although he did not thoroughly explain his argument on appeal, Cooper cited the decision in Robinson v.State, 585 So.2d 757 (Miss. 1991), a factually similar case.
¶ 10. In Robinson, the defendant plead guilty to possession of marijuana and was sentenced to three years. Id. at 758. The sentence was suspended, and Robinson was placed on probation, but he was arrested on similar charges three days after his sentencing. Id. The judge set aside the three-year suspended sentence and ordered Robinson to serve a three-year term in custody. Id. On appeal, Robinson argued that the initial suspended sentence was unlawful because he had a prior felony conviction which rendered him ineligible for a suspension. Id. at 759.
¶ 11. The Mississippi Supreme Court declared that Robinson's initial sentence was "clearly erroneous" and offered the following rationale:
 Because Robinson plead guilty on the improper inducement that he was eligible for a suspended sentence or probation, he is therefore permitted to withdraw his guilty plea and he must be allowed to enter a new plea and offered the opportunity of a new trial. Vittitoe v. State, 556 So.2d 1062, 1065 (Miss. 1990). Accordingly, we reverse the judgment below and restore Robinson's plea of not guilty to the indictment . . . *Page 1045 
and remand for such further appropriate proceedings.
Id. at 759; see also Goss v. State, 721 So.2d 144, (¶ 12) (Miss. 1998) (holding that trial courts are prohibited from wholly or partially suspending the sentence of a previously convicted felon). Based upon the decisions in Robinson and Goss, Cooper's plea bargain for a partially suspended sentence was improper.
¶ 12. The State asserts that a defendant should not be allowed to benefit from an unauthorized sentence suspension and then be allowed to complain about the illegality of the suspension after violating its terms. Cooper only complained of the illegality of the suspended sentence after he failed to meet the requirements of the circuit court's order. He did not mention the unauthorized nature of the suspension at his revocation hearing and raised it only in his motion for post-conviction relief. According to the State, "the lower court's revocation of [the] suspension rectified the error."
¶ 13. We disagree with the State's conclusion that revoking the suspension of Cooper's original sentence effected a sentence that the lower court was authorized to render, and we observe that the suspension was an improper inducement to a guilty plea. The supreme court's holding in Robinson requires reversal and remand so that Cooper, guided by the knowledge that he is not eligible for a suspended sentence, may enter a new plea.[2]
II. Was the appellant exposed to double jeopardy?
¶ 14. Cooper asserts that he was exposed to double jeopardy in violation of the protection provided in the federal and state constitutions. The State denies any double jeopardy violation in the present case but cites no relevant authority. The Fifth Amendment to the United States Constitution and Article 3, § 22 of the Mississippi Constitution provide that a person may not be prosecuted twice for the same offense. "[F]or a plea of former jeopardy to avail it must be shown that a defendant was actually acquitted or convicted in a former trial on the merits of the crime for which he is again sought to be convicted." Lightsey v.State, 493 So.2d 375, 377-378 (Miss. 1986) (citations omitted);see Jennings v. State, 700 So.2d 1326, 1329 (¶ 17) (Miss. 1997) (holding that no violation of the double jeopardy clause existed where no subsequent proceeding triggered its protection.). The Mississippi Supreme Court has determined that a "petition to revoke probation is not a criminal case," and not a trial on the merits of the case. Ray v. State, 229 So.2d 579, 581 (Miss. 1969); see also United States v. Whitney, 649 F.2d 296, 298 (5th Cir. 1981) in which the Fifth Circuit declined "to extend the double jeopardy clause to parole and probation revocation proceedings."
¶ 15. Recognizing the similarity between "probation" and "suspension of sentence," we hold that double jeopardy protection does not apply to suspension revocation hearings.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY, ISREVERSED. APPELLANT'S PLEA IS VACATED, AND THIS CAUSE IS REMANDEDFOR NEW TRIAL. ALL COSTS OF THIS APPEAL ARE TAXED TO ITAWAMBACOUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING,LEE, PAYNE, AND THOMAS, JJ., CONCUR.
[1] The statute provides, in part:
When it appears to the satisfaction of any circuit court or county court in the State of Mississippi, having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in term time or in vacation, shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided, except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence. . . .
Miss. Code Ann. § 47-7-33 (Rev. 1993) (emphasis added).
[2] For the crime with which Cooper was charged in the indictment, a person may be imprisoned for a maximum sentence of twenty years or fined a maximum of $30,000.00, or both imprisoned and fined. Miss. Code Ann. § 41-29-139(b)(2) (Rev. 1993). Therefore, if Cooper is convicted after remand, he could incur a greater sentence than the judge imposed.
 *Page 378