785 So.2d 1085 (2001)
Lonnie WEAVER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01185-COA.
Court of Appeals of Mississippi.
May 8, 2001.
Lonnie Weaver, Pro Se, Attorney for Appellant.
*1086 Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
Before KING, P.J., PAYNE, and MYERS, JJ.
MYERS, J., for the Court:
¶ 1. In 1989, Lonnie Weaver pled guilty to burglary and armed robbery. He was sentenced to serve twenty years in the penitentiary with eight years suspended and five years probation. That left Weaver with only seven years to physically serve in the custody of the Mississippi Department of Corrections. Eleven years after his plea of guilty, Weaver sought post-conviction relief in the Circuit Court of Holmes County. Honorable Judge Jannie M. Lewis presiding, considered Weaver's post-conviction papers without an evidentiary hearing. Judge Lewis dismissed three of his claims as time barred under Miss.Code Ann. § 99-39-5(2) (Supp.1999). Judge Lewis held that Weaver could show no cause or actual prejudice in support of his remaining claim of ineffective assistance of counsel. Weaver now appeals claiming that the court erred by dismissing his post-conviction claims and that the court erred in dismissing his ineffective assistance of counsel claim. We reverse and remand solely on the issue of the illegal sentence.

FACTS
¶ 2. In 1986, Lonnie Weaver pled guilty to grand larceny, a felony. In 1989 he pled guilty again. In this instance to two separate charges of burglary and armed robbery charges. The burglary conviction got him a seven year sentence. The court then sentenced him to twenty-five years for the armed robbery charge. This twenty-five year sentence included suspended time and some probation time. Over a decade after his plea and sentencing, Weaver implores this Court to "grant Appellant post-conviction [sic] and him [sic] to withdraw his guilty plea and allow him the opportunity of a new trial or enter a new plea. [sic]." Weaver claims that his counsel was ineffective and thus his plea was not knowingly and intelligently made. He also claims that his sentence is illegal because he had a prior felony conviction.

DISCUSSION
¶ 3. Weaver asserts that the circuit court was in error when it dismissed his claims without an evidentiary hearing. He believes that there are constitutional implications in his case that need to be addressed. These constitutional issues are also his reasoning in arguing against the statutory time bar. On April 17, 1985, the legislature enacted the Mississippi Uniform Post-Conviction Relief Act, Miss. Code Ann. § 99-39-5(2) (Rev.2000) which allows for a three year window in which to file an appeal. Weaver had the opportunity to file within three years of either (1) an opinion of the circuit court on direct appeal, (2) time for appeal expired, if no appeal is taken, or (3) entry of a guilty plea or judgment of conviction. Id.
¶ 4. Weaver is left with only one of these exceptions from which to choose. Since he pled guilty, he had three years from the "entry of a guilty plea." Id. Three years from his guilty plea would have been 1992. A post-conviction appeal can be dismissed procedurally under Miss.Code Ann. § 99-39-21 which provides in part:
Failure by a prisoner to raise objections, defenses, claims, questions, issuers or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a *1087 showing of cause and actual prejudice grant relief from the waiver.
Miss.Code Ann. § 99-39-21(1) (Rev.2000).
¶ 5. After reviewing the submitted documents, Judge Lewis felt the claims that Weaver's plea was neither knowingly nor intelligently made, that he was convicted under a defective indictment and that he was denied ineffective assistance of counsel were all barred because of the lack of cause[1] and/or actual prejudice.[2]
¶ 6. As for the fourth area of concern, the statutory violation regarding his sentence, we must look to the recent case of Ivy v. State, 731 So.2d 601, 602 (Miss. 1999). Ivy succinctly states the rule as to petitions regarding illegal sentencing. "Although the appellant filed his petition... after the applicable statute of limitations had expired, petitions alleging an illegal sentence are not subject to the time bar." Id.
¶ 7. Weaver was given the best offer from the state which was the suspended sentence or in the alternative, a life sentence. Weaver was only sentenced to serve seven years from one seven year sentence for burglary and a twenty-five year sentence in which the judge suspended eighteen years and imposed five years of probation. Weaver was to serve the sentences concurrently. However, Weaver argues that because he had a prior felony conviction, the judge had no authority to give him a suspended sentence under Miss. Code Ann. § 47-7-33 (Rev.2000). Under that light, Weaver is correct. His liberty is at issue because the judge did not have the authority to give him a suspended sentence. His situation is akin to that found in Cooper v. State, 737 So.2d 1042 (Miss.App.1999).
¶ 8. In Cooper, the issue was whether the original sentence was illegal because the court lacked the authority to suspend imposition of the sentence. Id. at 1044 (¶ 9). An offer was made by the prosecutor recommending a ten year sentence with four years suspended and restitution. Cooper pled guilty and the judge followed the sentencing recommendation made by the prosecutor. He also stated that the "six years to serve would run concurrent to the Alabama sentence and concurrent to the prior five-year sentence of the Itawamba County Circuit Court...." Cooper was allowed to remain out of jail until a specified date upon which he had to report to the sheriff's office. He did not obey the order of the court and this revoked his conditional sentence imposing the full amount of time in the sentence.
¶ 9. This Court held that the prosecutor's offer was "an improper inducement to a guilty plea." Id. at 1045 (¶ 13). Cooper cites our supreme court's decision in Robinson v. State, 585 So.2d 757 (Miss.1991), as precedent. The holding in Robinson labeled the initial sentence as clearly erroneous and reasoned that based "on the improper inducement that he was eligible for a suspended sentence ..., he is therefore permitted to withdraw his guilty plea and he must be allowed to enter a new plea and offered the opportunity of a new trial." Id. at 759, citing Vittitoe v. State, *1088 556 So.2d 1062, 1065 (Miss.1990); see also Goss v. State, 721 So.2d 144 (Miss.1998)(overruled on other grounds)(holding that defendant was not entitled to a suspended sentence as a previously convicted felon). Id. at 146 (¶ 12).
¶ 10. Weaver pled guilty because he was told by his attorney, with the assurance of the prosecutor, that he would get a suspended sentence as opposed to life imprisonment.
¶ 11. Judge Lewis was correct when she dismissed Weaver's claims of ineffective assistance of counsel, a plea made neither knowingly or intelligently and a defective indictment. However, she improperly declined, based on the statute of limitations, to hear evidence regarding Weaver's illegal sentence. "[E]rrors affecting fundamental constitutional rights, such as the right to a legal sentence, may be excepted from procedural bars which would otherwise prevent their consideration." Ivy v. State, 731 So.2d 601, 603 (¶ 13) (Miss.1999) (quoting Luckett v. State, 582 So.2d 428, 430 (Miss.1991)).

CONCLUSION
¶ 12. The lower court was in error to dismiss Weaver's claim that he was given an illegal sentence. Because of the erroneous sentencing on the charge of armed robbery, we reverse and remand to the lower court, "so that [Weaver], guided by the knowledge that he is not eligible for a suspended sentence, may enter a new plea" and exercise his right of a new trial. Cooper, 737 So.2d at 1045
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY OF DENIAL OF POST-CONVICTION RELIEF IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, and CHANDLER, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT WRITTEN OPINION.
NOTES
[1] Miss.Code Ann. § 99-31-21(4) (Rev.2000) provides:

The term "cause" as used in this section shall be defined and limited to those cases where the legal foundation upon which the claim for relief is based could not have been discovered with reasonable diligence at the time of trial or direct appeal.
[2] Miss.Code Ann. § 99-31-21(5) (Rev.2000) provides:

The term "actual prejudice" as used in this section shall be defined and limited to those errors which would have actually adversely affected the ultimate outcome of the conviction or sentence.