852 So.2d 82 (2003)
Lonnie WEAVER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00312-COA.
Court of Appeals of Mississippi.
June 10, 2003.
*83 Ron Tillman, attorney for appellant.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before SOUTHWICK, P.J., LEE and GRIFFIS, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. In 1989, Lonnie Weaver pled guilty to charges of burglary and armed robbery. He was given a partially suspended sentence. Eleven years later, Weaver sought post-conviction relief on the basis of an illegal sentence. The circuit court denied relief, but this Court reversed, ordering a new trial. Weaver was subsequently tried on the armed robbery charge, convicted and sentenced to a term of twenty-five years. Weaver again appeals, asserting that the lower court erred in retrying only the armed robbery charge, in failing to grant Weaver's motion to suppress identification evidence, and in failing to direct a verdict in his favor, yielding a jury verdict *84 contrary to the overwhelming weight of the evidence. We find no error and affirm.

STATEMENT OF FACTS
¶ 2. On May 10, 1988, eighteen-year-old Kristy Luse was at home, enjoying the privileges of excused absence often afforded high school seniors at the end of the school year. She heard a light tapping sound on one of the windows, but did not investigate. Moments later, Luse heard a violent banging at the garage door. She made her way down the hallway when she was accosted by an intruder with a gun, later identified as Lonnie Weaver. Weaver demanded to know whether Luse was alone in the house, and whether anyone was expected home. He forced her onto the bed, perhaps beginning a sexual assault, before inexplicably stopping. Weaver demanded that Luse disclose the whereabouts of the family valuables. He brought Luse into her parents' bedroom, where he took some of her mother's jewelry. Weaver then pushed Luse onto her parents' bed, retrieved some lotion from the dresser and resumed his sexual advances. Again, Weaver abruptly broke off, threatening a return visit if Luse ever told anyone. Weaver then left.
¶ 3. Luse ran to the garage and saw Weaver pull away in a bullet-shaped brown car with an older Mississippi license plate. She went to a neighbor's house, and authorities were notified.
¶ 4. Weaver subsequently pled guilty to charges of burglary and armed robbery. Part of his sentence was suspended. Eleven years later, Weaver sought post-conviction relief, claiming that his suspended sentence on the armed robbery charge was illegal. This Court agreed, finding that Weaver's fundamental liberty rights were affected despite the fact that he was the beneficiary of an illegally lenient sentence.[1]Weaver v. State, 785 So.2d 1085 (Miss.Ct. App.2001). The Court reversed and remanded. One of the appellate issues today is whether this reversal applied only to the armed robbery charge, a matter we will address below. Weaver was tried before a jury for the armed robbery only. Weaver was convicted and sentenced to twenty-five years imprisonment. His appeal has been deflected here.

DISCUSSION

1. Burglary
¶ 5. Weaver contends that in reversing the lower court's denial of post-conviction relief, this Court's implicit mandate granted him an opportunity for retrial on both the armed robbery and burglary charges to which he had previously admitted his guilt.
¶ 6. Our earlier decision regarding Weaver's post-conviction relief dealt with the issue of a defendant's right to be free from an illegal sentence. Id. We authorized a grant of post-conviction relief based on Weaver's liberty interests implicated by his improper sentence on the armed robbery charge. "Because of the erroneous sentencing on the charge of armed robbery, we reverse and remand to the lower court...." Id. at 1088 (emphasis added). Weaver now suggests that this reversal encompassed both charges for which he was convicted.
¶ 7. The opinion in context demonstrates that the only conviction reversed by our analysis was that of armed robbery. Going beyond the language used, we also do *85 not agree that the opinion should have gone further. It is true that Weaver in 1989 pled to two offenses at the same time, apparently under an understanding of what the overall recommendation on sentencing would be. His seven year sentence on the burglary count was to be served concurrently with the longer armed robbery sentence. He therefore would have fully served the seven-year burglary sentence before the filing in 2000 of his post-conviction relief petition. Once an inmate is no longer under the effect of a sentence under a particular conviction, the post-conviction relief procedures are not available to set the conviction aside. Miss. Code Ann. § 99-39-5 (Rev.2000) (inmate must be "in custody under a sentence" that is being attacked). The Supreme Court has found that an inmate may challenge a conviction when the sentence has not yet commenced because the inmate is being incarcerated elsewhere prior to serving the next sentence. Unruh v. Puckett, 716 So.2d 636, 639 (Miss.1998). On the other hand, an inmate cannot use these procedures to challenge a sentence that has already been served even though he is in custody under a sentence for a different crime.
¶ 8. The State argues that even as to the armed robbery conviction, our first Weaver opinion was incorrect. Indeed, this Court has retreated somewhat from Weaver I. We later held that "a defendant should not be allowed to reap the benefits of an illegal sentence, which is lighter than what the legal sentence would have been, and then turn around and attack the legality of the illegal, lighter sentence when it serves his interest to do so." Graves v. State, 822 So.2d 1089, 1092 (Miss.Ct.App.2002), cert. granted 829 So.2d 1245 (Miss.2002), writ withdrawn (May 1, 2003). The Supreme Court has added to the available materials by stating that someone indicted as a habitual offender because of prior felony convictions may nonetheless be given a suspended sentence if as a result of a plea bargain the habitual charge in the indictment is dropped. It then held that section 47-7-33, which bars a suspended sentence and probation to prior felons, was not an issue because of the court's analysis of the plea bargain issue. Robinson v. State, 836 So.2d 747, 751 (Miss.2002).
¶ 9. We do not fully understand the Robinson assertion that section 47-7-33 is irrelevant to the availability of probation to a person with prior felonies so long as he was indicted as a habitual offender. Section 47-7-33 does not apparently depend on what is in the indictment but relies on the status of the accused as a prior felon.
When it appears to the satisfaction of any circuit ... that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court ... shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided, except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence.
Miss.Code Ann. § 47-7-33(1) (Rev.2000) (emphasis added).
¶ 10. We would not find it a particularly obvious legal principle that section 47-7-33 can be circumvented just by the prosecution's failing to inform the trial judge that an accused about to be sentenced has prior felonies. It is true that the general habitual *86 offender enhancement statutes are raised by language placed in indictments. Miss.Code Ann. §§ 99-19-81 and 99-19-83 (Rev.2000); URCCC 11.03 (for "enhanced punishment," the "indictment must include both the principal charge and a charge of previous convictions.") On the other hand, we are not aware of a practice in which a defendant's status as a convicted felon for purposes of section 47-7-33 restrictions is a matter mentioned in indictments. Thus, there is nothing to drop from an indictment under section 47-7-33. If the trial judge gains in any way knowledge that the defendant is a prior felon, such as from the habitual felon allegation in the indictment no matter what a plea bargained away, as well as from information contained in any presentence report, then the judge would seem to have an obligation to enforce the statutory command not to suspend the sentence and give probation.
¶ 11. As already noted, the Supreme Court issued but then withdrew a writ of certiorari in Graves v. State, 822 So.2d 1089. The Supreme Court's recent Robinson case raises new questions. Nothing in these developments suggests that Weaver was not given broad enough relief when we reversed solely his conviction on one of the two offenses to which he pled guilty.
¶ 12. Weaver also finds error in the State's use of the burglary conviction in prosecuting the armed robbery count. During a hearing on pretrial motions, the district attorney sought to introduce Weaver's admission to the burglary for purposes of identification. Weaver countered by arguing that the prejudicial effect of such evidence outweighed its probative value. The lower court properly concluded that the burglary conviction had been upheld by this Court, and took judicial notice at trial of Weaver's admission to breaking into the house.
¶ 13. An evidentiary rule provides that probative evidence, if greatly outweighed by unfair prejudice, may be excluded. M.R.E. 403. This appellate court is governed by standards of review which look to a lower court's abuse of discretion rather than independently balancing the probative value and prejudicial effect of evidence. Baldwin v. State, 784 So.2d 148, 158 (Miss.2001). Weaver's confession to burglarizing the Luse home contemporaneously to the occurrence of an armed robbery was undoubtedly "prejudicial" to his defense since it indicated guilt. Nonetheless, an incriminating admission by a criminal defendant is highly probative, defined as "a statement by the accusedit may be direct or impliedof facts pertinent to the issue and [tending] in connection with other facts to prove his guilt." Price v. State, 749 So.2d 1188, 1195 (Miss.Ct.App.1999). We find no error with the lower court's weighing of evidentiary value and prejudicial detriment.
¶ 14. We further note that the trial court contained any unfair prejudice the admission may have caused Weaver by limiting the evidence presented to the jury to judicial notice of the fact of Weaver's admission. Generally, evidence of an accused's other crimes is inadmissible. M.R.E. 404(b). However, in limited circumstances such as proof of identity or when other acts are "so interrelated as to constitute a single transaction or occurrence or a closely related series of transactions or occurrences," evidence may be admitted. Ott v. State, 742 So.2d 1197, 1201 (Miss.Ct.App.1999) (quoting Neal v. State, 451 So.2d 743, 759 (Miss.1984)).
¶ 15. Here, both such circumstances were met. Because admissibility of evidence is entrusted to the discretion of the trial court, we will defer to its rulings absent abuse. Reynolds v. State, 784 *87 So.2d 929, 932 (Miss.2001). We do not find error in admitting Weaver's admissions.

2. Identification evidence
¶ 16. Weaver further contends that identification evidence based on photographs not available for defense purposes was improperly admitted at trial. Weaver submits that Kristy Luse, during the 1988 criminal investigation, worked from photographic lineups to identify both Weaver and the brown Chevrolet Chevette he used to drive away from the scene. Weaver argues that, pursuant to Rule 9.04(A) of the Uniform Circuit and County Court Rules, he was entitled to an opportunity to review the photographic lineup to determine "if it was unreasonably suggestive or if it was exculpatory in favor of the Defendant." The lineups no longer existed at the time of trial.
¶ 17. The lower court held a pretrial suppression hearing, considering testimony from the investigating officers and from Luse before ruling that the elapsed time between Weaver's initial plea and the retrial constituted a "reasonable reason as to why the photographs are not available." The lower court further held that the testimony failed to demonstrate anything improper about the identification process sufficient to warrant exclusion, and admitted the testimony at trial.
¶ 18. Although Weaver argues a discovery violation by the State, the issue is properly characterized as one of spoilation of evidence. "The State has the duty to preserve evidence, but that duty is limited to that evidence which `might be expected to play a significant role in the suspect's defense.'" Tolbert v. State, 511 So.2d 1368, 1372 (Miss.1987) (quoting California v. Trombetta, 467 U.S. 479, 488, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984)).
¶ 19. The test employed in spoilation analysis is two-pronged. Northup v. State, 793 So.2d 618, 623 (Miss.2001). Initially, we determine whether the lost evidence's role in Weaver's defense would have been significant. "To play a significant role, the exculpatory nature and value of the evidence must have been apparent before the evidence was lost." Id. At the suppression hearing, the lower court ruled that the photographs were not essential to Weaver's defense. There has been no defensible suggestion of impropriety in the identification of Weaver from the time of his original plea in 1989 through post-conviction relief, the subsequent trial, and the current appeal. We do not find that the missing photographic lineups would have played a "significant role" in the trial.
¶ 20. As a result, the second prong for our determination, though weighing in Weaver's favor, is nevertheless moot. The test is whether the defendant could have obtained by other means comparable evidence to that lost by the State. Northup, 793 So.2d at 623. Weaver had no way to obtain similar evidence to the photographic lineups. However, the absence of the "significant role" such evidence would have played in Weaver's defense satisfies the analysis in favor of the lower court's denial of his requested new trial.

3. Weight and sufficiency of the evidence
¶ 21. Finally, Weaver contends that the lower court erred in denying his motion for judgment notwithstanding the verdict, or in the alternative, a new trial. This raises separate challenges both to evidentiary weight and evidentiary sufficiency. We have addressed the underlying bases for Weaver's challenge, which he characterized as inadmissible evidence tainting the trial's outcome. Therefore, we undertake a review of evidentiary weight and sufficiency allowing for the admissibility *88 of Weaver's confession and the identification evidence.
¶ 22. In considering whether a lower court's denial to enter a judgment notwithstanding the verdict is proper, we review the evidence in the light most favorable to the State, including all favorable inferences which reasonably may be drawn. Jackson v. State, 815 So.2d 1196, 1202 (Miss.2002). If a reasonable person could not arrive at the same verdict, we must reverse. Id. Here, an accused admitted to his presence at the scene, and was positively identified by his victim, both during initial investigations and at trial. A reasonable person could assign guilt to Weaver.
¶ 23. In a similar, yet distinct, analysis, we consider evidentiary weight not from the perspective of the fact-finding juror, but rather from that of the law-giving judge. We will not set aside a verdict and order a new trial unless to allow the verdict to stand would constitute an "unconscionable injustice." Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). Here the weight of evidence supporting Weaver's conviction is overwhelming. We will not set his conviction aside.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, TO RUN CONSECUTIVELY TO ANY AND ALL SENTENCES CURRENTLY BEING SERVED IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] As a previously convicted felon, Weaver was ineligible to receive a suspended sentence. See Miss.Code Ann. § 47-7-33 (Rev.2000).