978 So.2d 1280 (2008)
Bennie STROUD, Jr., a/k/a Bennie Stroud, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01908-COA.
Court of Appeals of Mississippi.
April 8, 2008.
Bennie Stroud, Jr., appellant, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before MYERS, P.J., GRIFFIS and ROBERTS, JJ.
ROBERTS, J., for the Court.
¶ 1. On February 6, 2006, Bennie Stroud, Jr., filed a motion for post-conviction collateral relief in the Circuit Court of Jackson County. Stroud's motion stemmed from his 1997 guilty plea to the charges of aggravated assault, possession of a firearm by a felon, and two counts of possession of a controlled substance. The trial court summarily denied Stroud's motion as time-barred. Stroud now appeals. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. Stroud pleaded guilty to the above charges on March 5, 1997. Stroud v. State, 839 So.2d 610, 610(¶ 2) (Miss.Ct.App. 2003). He later filed his first motion for post-conviction collateral relief in October 1997 pursuant to Mississippi Uniform Post-Conviction Collateral Relief Act (the Act). The motion was subsequently denied by the trial court that same month. *1281 Id. at (¶ 3). Stroud filed his appeal from this denial in January 1998. Id. As his appeal was filed more than thirty days after the denial of his post-conviction motion, this Court dismissed Stroud's appeal as time-barred. Id. at 611(¶ 6).
¶ 3. On February 6, 2006, Stroud filed his second motion for post-conviction collateral relief, stemming from his 1997 guilty pleas. The trial court denied his motion as time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev.2007). From this denial, Stroud now appeals.

DISCUSSION
¶ 4. Mississippi Code Annotated sections 99-39-29 (Rev.2007) provide a defendant with a judicial vehicle to challenge his conviction or plea of guilt. However, section 99-39-5(2) requires that such a challenge be brought within three years of a defendant's guilty plea. The three-year statute of limitations may be waived if the petitioner can demonstrate either that there has been a pertinent intervening decision of the United States Supreme Court or the Mississippi Supreme Court or newly discovered evidence that was not reasonably discoverable at the time of trial. Miss.Code Ann. § 99-39-5(2). However, Stroud makes no such claim. Furthermore, notwithstanding the time limitations of the Act, successive motions for relief are not allowed under the Act. Miss.Code Ann. § 99-39-23(6) (Rev.2007).
¶ 5. Thirty days after Stroud's first motion for post-conviction collateral relief was denied, his ability to challenge the validity of his 1997 guilty pleas was exhausted.[1]See Stroud, 839 So.2d at 610-11 (¶¶ 4, 6). In the case of his second motion for relief, such finality results not only from its timing, as it was filed well after the three-year limit mandated by the Act, but also from the fact that the February 2006 motion was Stroud's second motion for post-conviction collateral relief, in violation of section 99-39-23(6). Therefore, pursuant to sections 99-39-5(2) and 99-39-23(6), Stroud's current motion for post-conviction relief was properly denied by the trial court.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.
NOTES
[1] While Stroud correctly argues that certain errors affecting a defendant's fundamental constitutional rights may be raised notwithstanding the procedural prohibitions of the Act, see Weaver v. State, 785 So.2d 1085, 1088(¶ 11) (Miss.Ct.App.2001), such a situation is not the case currently presented to this Court.