822 So.2d 1089 (2002)
Jerry D. GRAVES a/k/a Jerry Donnell Graves, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01986-COA.
Court of Appeals of Mississippi.
April 9, 2002.
Rehearing Denied May 28, 2002.
*1090 Jerry D. Graves, Pro Se.
Office of the Attorney General, by John R. Henry, Jr., attorney for appellee.
Before KING, P.J., IRVING, and BRANTLEY, JJ.
IRVING, J., for the court.
¶ 1. This appeal arises from an order of the Circuit Court of the First Judicial District of Hinds County denying Jerry D. Graves's motion for post-conviction relief. Aggrieved, Graves comes before this Court pro se seeking resolution of the following issues: (1) whether the trial court was in error and abused its discretion when it dismissed with prejudice his post-conviction relief motion as time barred by section 99-39-5(2) of the Mississippi Code of 1972 as annotated and amended, and (2) whether his sentence is illegal because the court lacked authority to suspend imposition of his sentence in light of the fact that he had previously been convicted of a felony.
¶ 2. We do not find any reversible error; therefore, we affirm the trial court's dismissal of Graves's motion.

FACTS
¶ 3. A grand jury indicted Graves on a single count of armed robbery. At the arraignment on July 21, 1980, Graves pleaded guilty pursuant to a plea agreement. He was sentenced to a twenty-five year sentence, with ten years suspended and the remaining fifteen years to run concurrently with time that he was already serving. Pursuant to a determination that Graves rendered a free and voluntary waiver, the trial court accepted Graves's guilty plea and the prosecution's sentencing recommendation. On May 10, 2000, Graves filed a PCR motion to vacate and set aside the conviction and sentence. The motion alleged that at the time he was given the sentence with ten years suspended, he was already a convicted felon and that this fact made him ineligible for a suspended sentence. Consequently, he averred that his sentence was illegal and that his plea was involuntary because his plea was induced by the offer of the illegal sentence. The trial court dismissed with prejudice Graves's motion as time barred pursuant to section 99-39-5(2) of the Mississippi Code of 1972 as annotated and amended. Thereafter, Graves filed this appeal.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 4. "When reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo." Pickett v. State, 751 So.2d 1031 (¶ 8) (Miss.1999); Brown v. State, 731 So.2d 595 (¶ 6) (Miss.1999).
¶ 5. Graves argues here, as he did in the court below, that the court erred in dismissing his petition for post-conviction collateral relief because an illegal sentence is excepted from the procedural bars of the Post Conviction Collateral Relief Act. The trial court, in its order dismissing the motion, stated that, "it plainly appears from the face of the motion and the prior proceedings in the case that the motion for relief was not filed within the statutory *1091 limits set in the Miss.Code Ann. § 99-39-5(2), as amended, and does not fall within one of the exceptions contained therein."
¶ 6. Before we address the merits of this appeal, we need to address the question of our jurisdiction to consider the appeal. The State contends that Graves, at the time of the filing of the PCR motion, was not in custody under a sentence imposed in violation of the constitution or laws of this state by a court of record of this state. If this was the case, the trial court did not possess the requisite jurisdiction to rule on the motion, and or of course, no jurisdiction is conferred upon this Court if none was in the court below. Section 99-39-5 of the Mississippi Code of 1972, as annotated and amended, requires confinement of a prisoner as a prerequisite to the prisoner's filing a motion for post-conviction relief. In other words, the prisoner must be serving time under the sentence he complains of in order to bring a post-conviction relief motion.
¶ 7. In support of its position, the State apparently concludes, without specifically saying so, that the fifteen years Graves was ordered to serve expired in 1995. Therefore, Graves could not be in custody for the sentence he was given on July 21, 1980. The State further points out that while Graves was in custody, he was in custody serving a life sentence for murder as a habitual offender. Graves v. State, 492 So.2d 562, 562 (Miss.1986). As noted, Graves, in his PCR motion, attacks his July 1980 sentence for armed robbery. Perhaps the State is correct, but the record does not reflect or contain any information regarding the murder conviction and life sentence. We do not doubt that the appellant in Graves is one and the same as our appellant here and that we are warranted in taking judicial notice of that conviction and sentence. However, there is not enough information in the record for us to determine whether, at the time Graves filed his PCR motion, he was being held pursuant to the July 1980 sentence. For example, we do not know whether he served a portion of the sentence and was paroled or whether he might have violated the terms of his parole, if indeed he was paroled, and returned to prison at a later date. Moreover, we decide issues based on the record, not what is contained in the briefs of the parties. Mason v. State 440 So.2d 318, 319 (Miss.1983).
¶ 8. We turn now to the merits of the appeal. We agree with Graves's assertion that a defendant has the right to be free from an illegal sentence. We also agree that the procedural bars of the Post Conviction Collateral Relief Act do not apply when the sentence complained about is illegal. Ivy v. State, 731 So.2d 601, 603 (¶ 13) (Miss.1999); Fuselier v. State, 654 So.2d 519, 522 (Miss.1995). However, Graves has not been prejudiced as a result of his illegal sentence. Instead, he has benefitted from it. He cannot stand mute when he is handed an illegal sentence which is more favorable than what the legal sentence would have been, reap the favorable benefits of that illegal sentence, and later claim to have been prejudiced as a result thereof. McGleachie v. State, 800 So.2d 561 (¶ 4) (Miss.Ct.App.2001).
¶ 9. Graves points us to Weaver v. State, 785 So.2d 1085 (Miss.Ct.App.2001), in support of his contention that since he received an illegal sentence, he should be allowed to withdraw his guilty plea. He contends that the offer of the illegal sentence induced him to enter the guilty plea.
¶ 10. In Weaver, we held that the defendant's sentence was illegal because, as a prior convicted felon, he was ineligible to receive a suspended sentence. Id. at (¶ 7). We further held that Weaver should be *1092 allowed to "enter a new plea and exercise his right of a new trial." Id. at (¶ 12).
¶ 11. A literal reading of Weaver would permit results not intended by this Court. Therefore, it is appropriate that we clarify Weaver. Weaver should not be read as permitting a prior convicted felon to withdraw a guilty plea induced by a beneficial though illegal plea bargain if the convicted felon has enjoyed the benefits of the favorable illegal bargain. Weaver applies to situations in which a guilty plea was induced at least in part by a recommendation that some part of the sentence be suspended. If the State later seeks to rescind that suspension solely because the sentence was statutorily barred and not because of an alleged violation of the terms of the probation, then removing the suspension would also require that the defendant be allowed to withdraw his guilty plea. On the other hand, a defendant should not be allowed to reap the benefits of an illegal sentence, which is lighter than what the legal sentence would have been, and then turn around and attack the legality of the illegal, lighter sentence when it serves his interest to do so. Allowing such actions would reap havoc upon the criminal justice system in this state. For example, all subsequent convictions and sentences of that defendant which are reliant upon the conviction concomitant with the illegal sentence would have to be set aside. This would result in a number of enhanced and habitual offender sentences being set aside for the very offender who had already enjoyed greater leniency than the law allows. Likewise, the State should not be allowed to engage in a plea bargain encompassing a recommendation for a sentence more lenient than what the law permits, reap the benefit of not having to go to trial and later seek to have the illegal, lighter sentence set aside while maintaining the validity of the attendant conviction. We can perceive no constitutional imperative or compelling state interest which would require or permit either scenario.
¶ 12. In conclusion, we hold that the trial court was correct in finding that the motion was not filed within the three-year statutory time frame for filing PCR motions. However, as already discussed, the three-year bar does not generally preclude consideration of a motion seeking relief from an illegal sentence. Nevertheless, on the facts of this case, we find that no relief is warranted. Therefore, we affirm the trial court's dismissal of Graves's PCR motion.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING POST CONVICTION COLLATERAL RELIEF MOTION WITH PREJUDICE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.