KING, C.J.,
for the Court.
¶ 1. Willie Marshall, Jr. appeals pro se an order entered by the Circuit Court of Sunflower County dismissing his civil complaint against B.C. Ruth (former chairman), Pete Pope — chairman, Robert Don-ley — parole officer, the Parole Board of Mississippi, the Mississippi Department of Corrections, and the State of Mississippi. Aggrieved, Marshall raises the following issues:
I. Did the Parole Board err by failing to follow Mississippi Code Annotated Section 47-7-27 (Rev.2000)?
II. Did the Parole Board deny Marshall due process of law?
III. Did the trial judge err by denying Marshall’s request for relief?
FACTS
¶ 2. On December 20, 1984, Marshall pled guilty to two burglary charges in the Circuit Court of Bolivar County. His *253 guilty pleas were accepted and sentencing was deferred until the May 1985 term of court. According to Marshall, he committed these burglaries while on parole. Marshall indicated that, after having pled guilty to the burglary charges, he became a confidential informant for the Mississippi Bureau of Narcotics and the Bolivar County Sheriffs Department and his parole was reinstated. Marshall stated that the Parole Board issued a retake warrant for him on June 14, 1985, and rescinded it on August 1,1985.
¶ 3. According to Marshall’s presentence investigation report, in June 1986, he pled guilty to possession of cocaine with intent to sell and sentencing was deferred. On September 22, 1986, Marshall was sentenced to thirty years in the custody of the Mississippi Department of Corrections. On May 26, 1987, he was transported back to the Bolivar County Circuit Court and sentenced to two five-year terms on the earlier burglary charges.
¶4. On June 17, 2002, Marshall filed a civil complaint against B.C. Ruth (former chairman), Pete Pope — chairman, Robert Donley — parole officer, the Parole Board of Mississippi, the Mississippi Department of Corrections, and the State of Mississippi. Marshall’s suit alleged that the failure of the Parole Board to revoke his parole upon entry of the 1984 burglary pleas violated his civil rights.
¶ 5. On December 13, 2002, Marshall filed a motion for summary judgment claiming that B.C. Ruth and the other named respondents failed to prove that they had not violated, Miss.Code Ann. Section 47-7-27 (Rev.2000) and requested relief in the form of release from incarceration and monetary damages. On March 13, 2003, that motion was denied.
¶ 6. On January 21, 2003, Judge Betty W. Sanders dismissed Marshall’s complaint and stated, “Marshall cannot complain in 2002 about parole board action in his favor in 1984 when his parole revocation retake warrant was withdrawn. Marshall accepted their leniency in 1984 but wants to complain in 2002 that their leniency and a breached agreement with Bolivar County law enforcement caused his current incarceration.”
ISSUES AND ANALYSIS
¶ 7. Because issues I and II are interrelated, we have addressed them together.
I. & II.
Did the Parole Board err and cause harm to Marshall by failing to follow Miss.Code Ann. 47-7-27 (Rev. 2000)?
¶ 8. Marshall argues that the Parole Board should have revoked his parole and ordered him incarcerated after he pled guilty to two counts of burglary in 1984. He suggests that had the parole board done so, he would not have been free to commit yet another crime for which he received a thirty year sentence.
¶ 9. The decision to grant or deny parole is within the discretion of the Board. Doe v. State ex rel. Mississippi Dept. of Corrections, 859 So.2d 350(¶ 25) (Miss.2003). Likewise, the decision to revoke and re-incarcerate is also within the discretion of the Board. Mississippi Code Annotated Section 47-7-27 (Rev.2000). Marshall offered no evidence to the circuit court to establish that the Board abused its discretion.
¶ 10. This Court must also note that Marshall did not suggest an abuse of discretion by the Board in 1984, when he received the benefit of that discretion. This Court has said it will not allow an individual to take advantage of a sentence which benefits him, and subsequently attack the legality of the sentence, when it better serves his interest. Graves v. State, 822 So.2d 1089(¶11) (Miss.Ct.App.2002). This issue lacks merit.
*254 III.
Did the trial judge err in denying Marshall’s civil complaint?
¶ 11. Marshall alleges that he has a liberty interest in the parole process, and that interest was further violated when the circuit court dismissed his complaint against members of the Parole Board. As noted previously, Marshall failed to offer proof that the Parole Board abused its discretion, or substantially deviated from its procedure. The Board exercised its discretion and did not re-incarcerate Marshall. Edmond v. Hancock, 830 So.2d 658(¶ 5) (Miss.Ct.App.2002). He accepted that exercise of the Board’s discretion and will not now be heard to complain.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.