919 So.2d 179 (2005)
Cedric BROOKS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-01215-COA.
Court of Appeals of Mississippi.
June 7, 2005.
*180 Cedric Brooks, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorneys for appellee.
Before BRIDGES, P.J., CHANDLER and ISHEE, JJ.
BRIDGES, P.J., for the Court.
¶ 1. Accused of two counts of selling cocaine, Cedric Brooks pled guilty to both. On the first count, the Washington County Circuit Court sentenced Brooks to serve thirty years in the custody of the Mississippi Department of Corrections. The circuit court suspended ten years of that sentence, leaving twenty to serve. As for the second count, the circuit court sentenced Brooks to an additional thirty year sentence, but suspended six years, leaving twenty-four years to serve. The circuit court set the sentences to run concurrently. Accordingly, Brooks is sentenced to twenty-four years in the custody of the MDOC.
¶ 2. Brooks filed a pro se motion for post-conviction collateral relief. Within his motion, Brooks claimed that his sentence was illegal because he had been previously convicted of a felony and that it was improper for the circuit court to have suspended the execution of any part of his sentence for the sale of a controlled substance. In other words, Brooks lamented that the circuit court had no basis to suspend any portion of his sentence. On March 14, 2003, the circuit court denied Brooks's motion and noted that Brooks avoided the potential of sentencing as a habitual offender when Brooks pled guilty. Further, the court ruled that the sentence imposed upon Brooks was within the statutory guidelines.
¶ 3. Aggrieved, Brooks filed a notice of appeal on June 5, 2003. Brooks cites the following instance of error:
I. PETITIONER[']S PLEA OF GUILTY, AND THE SENTENCE IMPOSED, IS [CONSTITUTIONALLY] INVALID WHERE THE PLEA IS INVOLUNTARY SINCE

*181 IT WAS MOTIVATED BY, AND RESTS UPON AN AGREEMENT FOR AN ILLEGAL SENTENCE.
Finding no error, we affirm.

STANDARD OF REVIEW
¶ 4. "In reviewing the trial court's decision to deny a defendant's petition for post-conviction relief, we do not disturb the trial court's findings of fact unless clearly erroneous; however, we apply the de novo standard to questions of law." Harris v. State, 757 So.2d 195, 197(¶ 8) (Miss.2000) (citations omitted).

ANALYSIS
¶ 5. Brooks's appeal is time barred. The circuit court denied Brooks's motion for post-conviction collateral relief on March 14, 2003. Brooks had thirty days after March 14, 2003 to file a notice of appeal. M.R.A.P. 4. Brooks filed his notice of appeal on June 13, 2003nearly three months after the circuit court's denial of his motion. Accordingly, Brooks's appeal is out-of-time.
¶ 6. Assuming arguendo that Brooks's appeal is not out-of-time, this Court is not inclined to grant his motion for post-conviction collateral relief. Brooks's underlying assertion is that the circuit court lacked authority to suspend any portion of his two concurrent thirty-year sentences. If we accept Brooks's argument, then Brooks would serve thirty years, instead of twenty-four. It seems counterintuitive for Brooks to claim that the circuit court's lenience caused him to suffer prejudice. Perhaps Brooks would prefer to serve thirty years, instead of twenty-four. As facetious as this sounds, this Court is not attempting to make light of Brooks's claim.
¶ 7. This Court addressed a similar scenario in Graves v. State, 822 So.2d 1089 (Miss.Ct.App.2002). In Graves, this Court stated:
[A] defendant should not be allowed to reap the benefits of an illegal sentence, which is lighter than what the legal sentence would have been, and then turn around and attack the legality of the illegal, lighter sentence when it serves his interest to do so. Allowing such actions would reap [sic] havoc upon the criminal justice system in this state. For example, all subsequent convictions and sentences of that defendant which are reliant upon the conviction concomitant with the illegal sentence would have to be set aside. This would result in a number of enhanced and habitual offender sentences being set aside for the very offender who had already enjoyed greater leniency than the law allows. Likewise, the State should not be allowed to engage in a plea bargain encompassing a recommendation for a sentence more lenient than what the law permits, reap the benefit of not having to go to trial and later seek to have the illegal, lighter sentence set aside while maintaining the validity of the attendant conviction. We can perceive no constitutional imperative or compelling state interest which would require or permit either scenario.
Id. at (¶ 11).
¶ 8. Brooks's puzzling logic notwithstanding, we are not inclined to apply any merit to Brooks's curious assertions. Even if Brooks could show that the lower court committed error in suspending portions of his sentence, any such error in sentencing is harmless since it is to Brooks's benefit. Id. at (¶ 8). Accordingly, this Court finds no merit in Brooks's assertion.
¶ 9. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT DENYING POST-CONVICTION *182 RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., concur.