910 So.2d 12 (2004)
Joe Earl SWEAT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00909-COA.
Court of Appeals of Mississippi.
November 30, 2004.
Rehearing Denied March 1, 2005.
Certiorari Granted June 16, 2005.
*14 Joe Earl Sweat, Appellant, Pro Se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. On June 10, 2002, Joe Earl Sweat a/k/a Joe Sweat, a prior convicted felon, pleaded guilty in the Circuit Court of Itawamba County to conspiracy to manufacture methamphetamine. His plea was accepted, and he was sentenced to twenty years in the custody of the Mississippi Department of Corrections with twelve years suspended and five years of postrelease supervision.
¶ 2. On January 9, 2003, Sweat filed a motion for post-conviction relief which the trial court summarily dismissed. Sweat now appeals and list the following issues: (1) that the sentence given him was illegal because the trial court lacked the authority to suspend any portion of the sentence, (2) that the trial court was required to hold a hearing on his claim of illegal sentence, (3) that he was entitled to withdraw his guilty plea, (4) that his plea bargain agreement was breached, (5) that the statute under which he was convicted is unconstitutional, (6) that defense counsel was ineffective, and (8) that he was the victim of an illegal wiretap.
¶ 3. We initially note that the arguments which Sweat makes in his pro se brief do not follow precisely his stated issues. Nevertheless, we consider what we determine to be the central claims made by Sweat in this appeal and find no merit in any of the issues except the first issue. Accordingly, we affirm the decision of the trial court on all issues except the first one. However, we find merit in Sweat's first issue and we reverse and remand Sweat's sentence for proper resentencing.

ANALYSIS AND DISCUSSION OF THE ISSUES

1. The Legality of Sweat's Sentence
¶ 4. The relevant portion of Sweat's sentencing order reads as follows:
IT IS, therefore ordered and Adjudged by the Court that the Defendant be and he/she is hereby sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections at a facility to be designated by said department, that twelve years of said sentence shall be and the same is hereby suspended and that the defendant shall be placed under post-release supervision upon the release from the term of incarceration for a period of five years pursuant to Mississippi Code section 47-7-34 and the suspension of said sentence is based upon the following conditions . . . .
¶ 5. It is not disputed that, at the time of sentencing, Sweat was a prior convicted felon. Therefore, Mississippi Code Annotated sections 47-7-33 and 34 (Rev.2004) come into play. Section 47-7-33 reads in pertinent part:
When it appears to the satisfaction of any circuit court or county court in the State of Mississippi, having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in termtime or in vacation, shall have the power, after conviction or a plea of guilty, except in *15 a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided. . . .
(emphasis added).
¶ 6. Section 47-7-34 reads in pertinent part:
When a court imposes a sentence upon a conviction for any felony committed after June 30, 1995, the court, in addition to any other punishment imposed if the other punishment includes a term of incarceration in a state or local correctional facility, may impose a term of post-release supervision. However, the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felon committed. The defendant shall be placed under post-release supervision upon release from the term of incarceration. The period of supervision shall be established by the court. (emphasis added).
¶ 7. We need not dwell on this issue since section 47-7-33 is plain and unambiguous. A trial court does not have the authority to suspend the imposition or execution of sentence of a defendant who has been convicted of a felony on a previous occasion. Therefore, we hold that the trial court erred when it suspended a portion of Sweat's twenty year sentence. We have considered attempting to rectify the problem without remanding the case to the trial court, but have concluded that we do not have the authority to do so, as sentencing is the prerogative of the trial courts. Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992). Therefore, we vacate the sentence and remand the case to the trial court for entrance of a proper sentencing order. On remand, the trial court may give whatever sentence it chooses except that if it chooses to give a greater or harsher sentence than initially imposed, it should be guided by the guideline requirements set forth in Ross v. State, 480 So.2d 1157, 1160-61 (Miss.1986).
¶ 8. The dissent observes that we cite the relevant statutory law but suggests that the case law construing the relevant statutes permits us to modify Sweat's sentence. Our reading of the cases suggests otherwise. The first case cited by the dissent, Miller v. State, 875 So.2d 194 (Miss.2004), does not speak to the issue before us and, contrary to the assertion made by the dissent, is not factually similar to our case.
¶ 9. In Miller, the trial judge sentenced the defendant to "one year in the custody of the Mississippi Department of Corrections followed by supervised probation under the supervision of the Mississippi Department of Corrections for a period of ten years or until the court in termtime or the judge in vacation shall alter, extend, terminate or direct the execution of the above sentence." Id. at 199(¶ 11). This Court reversed that portion of the sentence imposing ten years of post-release supervision and remanded the case to the trial court for correction of the sentence. Miller v. State, 856, So.2d 420, 425 (¶¶ 27-29). On writ of certiorari, the Mississippi Supreme Court reversed our finding that the trial court had no authority to place the defendant on ten years of post-release supervision. Miller, 875 So.2d at 200(¶ 12).
¶ 10. The distinguishing factor in Miller, is that the trial judge, not the appellate court, sentenced the defendant to ten years of post-release supervision. While there is no doubt that under Miller, the *16 trial judge could have sentenced Sweat to eight years of incarceration and twelve years of post-release supervision, there is likewise no doubt that we, as an appellate court, lack the authority to sentence criminal defendants, for sentencing is the exclusive prerogative of the trial courts. Therefore, we reject the dissent's suggestion that we remove the twelve-year suspended portion of the sentence and substitute it with twelve years of post-release supervision. Following the dissent's suggestion would correct the illegal sentence by resentencing. Only the trial court has that authority, and we choose not to invade the province of our trial courts. Moreover, changing Sweat's sentence to twelve years of post-release supervision constitutes a greater sentence than that given him by the trial judge. The trial judge gave Sweat five years of post-release supervision which begins to run when Sweat is released from incarceration. Sweat, under the sentence handed to him by the trial judge, will have completely paid his debt to society after the expiration of the five years following his release from incarceration and could not thereafter under any circumstances be returned to prison on the charge. On the other hand, under the sentence proposed by the dissent, while Sweat will be supervised by the Mississippi Department of Corrections for only five years, his debt to society will not be over until after the expiration of twelve years following his release from incarceration. Therefore, his exposure to being returned to prison on the charge would be extended for a period of seven years beyond the exposure he has under the sentence given him by the trial judge.
¶ 11. The dissent also cites Graves v. State, 822 So.2d 1089 (Miss.Ct.App.2002), Gaston v. State, 817 So.2d 613 (Miss.Ct. App.2002), and McGleachie v. State, 800 So.2d 561 (Miss.Ct.App.2001) for the proposition that giving a prior convicted felon a suspended sentence is not sufficient grounds for relief. What the dissent fails to appreciate is that, in each of those cases, the relief sought was a vacating of the guilty plea and conviction because of the illegal sentence. Our denial of relief in those cases is consistent with what we are doing here. We are not disturbing Sweat's guilty plea and conviction because of the illegal sentence.
¶ 12. Although we have determined that Sweat received an illegal sentence and that this case is being reversed and remanded for resentencing, we turn to the other issues that still need to be addressed notwithstanding our resolution of the first issue.
¶ 13. Sweat also argues that the sentence he received exceeded the maximum sentence allowed by law. We need not address this issue in light of the fact that we are vacating the sentence imposed and remanding for proper sentencing. It is sufficient to say though that there is no merit in this issue. The maximum sentence allowed by law for the crime of which Sweat was convicted is twenty years and a fine of $500,000. See Miss.Code Ann. § 97-1-1 (Rev.2000). Mississippi Code Annotated section 47-7-34 (Rev. 2004) provides that "the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed." Sweat was sentenced to a twenty-year term with twelve years suspended and a five-year term post-release supervision. Thus, the time that Sweat was sentenced to be incarcerated plus the time on post-release supervision does not exceed the statutory maximum punishment.

2. Involuntary guilty plea
¶ 14. Sweat argues that his guilty plea was not voluntarily and intelligently *17 entered. Sweat claims he pled guilty due to an "improper inducement" that he would be given a five-year sentence. According to the record, the district attorney initially offered to recommend that Sweat be sentenced to a twenty-year term with fifteen years suspended, leaving only five years to serve. However, the district attorney subsequently revoked this offer and offered to recommend that twelve years of the sentence be suspended leaving eight years to serve.
¶ 15. Ultimately, Sweat's guilty plea was offered as an open plea with no recommendation by the State. The trial court exercised its judgment in sentencing and decided to follow the last recommendation made by the State.
¶ 16. A plea is considered "voluntary and intelligent" if the defendant knows of the elements of the charge against him, understands the charge's relation to him, what effects the plea will have, and what sentence the plea may bring. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). It is clear from the transcript of the guilty plea hearing that Sweat understood that the maximum sentence for his crime was twenty years, that his plea was an open plea, and that the trial court could sentence him to the maximum, regardless of the State's recommendation. Martin v. State, 635 So.2d 1352, 1355 (Miss.1994).
¶ 17. Sweat testified that he was not under the influence of drugs or alcohol and had not been promised anything or coerced into pleading guilty. Statements such as these made in open court under oath are viewed as highly credible. Gable v. State, 748 So.2d 703, 706(¶ 11) (Miss. 1999). These statements along with the transcript of the guilty plea hearing contradict Sweat's claim that his guilty plea was involuntarily and unintelligently entered.
¶ 18. Sweat makes the additional argument that he was induced to enter the guilty plea because of the offer of a suspended sentence, an improper inducement since he was at the time a prior convicted felon. He then reasons that since his guilty plea was based on an improper inducement, he was entitled to withdraw it.
¶ 19. We have already found that Sweat made an open plea, that is, his guilty plea was not made pursuant to a plea bargain. Therefore, there was no inducement. But even if Sweat had been induced to enter his guilty plea by the promise of a recommendation of an illegal but lenient suspended sentence, he would not be entitled to a withdrawal of his guilty plea after having enjoyed the benefits of the favorable illegal bargain. See Graves v. State, 822 So.2d 1089 (Miss.Ct.App.2002) where we clarified our holding in Weaver v. State, 785 So.2d 1085 (Miss.Ct.App.2001) that a defendant who had been induced by a lenient illegal sentence was entitled to enter a new plea and exercise his right to a new trial. In Graves we held:

Weaver should not be read as permitting a prior convicted felon to withdraw a guilty plea induced by a beneficial though illegal plea bargain if the convicted felon has enjoyed the benefits of the favorable illegal bargain. Weaver applies to situations in which a guilty plea was induced at least in part by a recommendation that some part of the sentence be suspended. If the State later seeks to rescind that suspension solely because the sentence was statutorily barred and not because of an alleged violation of the terms of the probation, then removing the suspension would also require that the defendant be allowed to withdraw his guilty plea.
Graves, 822 So.2d at 1092(¶ 11).

3. Illegal Search
¶ 20. Sweat claims there are material facts not previously presented which *18 require this Court to vacate the order of his conviction and sentence. Specifically, Sweat asserts he was subjected to an illegal search. He contends that the State's allegedly illegal surveillance of his telephone calls, effected by placing a digital tape recorder on his telephone, violates his Fourth Amendment right against an unreasonable search and seizure. Sweat argues that any evidence obtained from the wire tap is inadmissible and should not be used against him. However, Sweat is not entitled to relief since he waived his right to challenge the State's evidence by entering a valid guilty plea. Young v. State, 797 So.2d 239, 246(¶ 17) (Miss.Ct.App.2001).
¶ 21. Furthermore, the record indicates that this evidence was previously presented to and addressed by the trial court, as such allegations were the basis of a motion to suppress that was filed by Sweat's counsel prior to Sweat entering a guilty plea. Thus, Sweat entered his guilty plea with knowledge that the motion to suppress had been filed. We find no merit to this issue.

4. Denial of Due Process
¶ 22. Sweat argues that his due process rights were violated and that the statute under which he was convicted was unconstitutional. The record reflects that there was no issue raised before the trial court as to any violation of due process or unconstitutional statute. Issues not previously submitted to the trial court for a ruling may not be considered for the first time on appeal. Williams v. State, 752 So.2d 477, 480(¶ 8) (Miss.Ct.App.1999). Therefore, these issues are without merit.

5. Ineffective Assistance of Counsel
¶ 23. Sweat claims he did not receive effective assistance of counsel. In order to prove a claim of ineffective assistance of counsel, Sweat has the burden of showing that his counsel's performance was deficient and that the deficient performance prejudiced him in such a way that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984). There is a wide area of reasonable professional assistance and it is presumed that the attorney's conduct was adequate. Moore v. State, 676 So.2d 244, 246 (Miss. 1996).
¶ 24. Sweat believes he was not effectively represented since his attorney was not successful in negotiating a five-year sentence. Additionally, Sweat argues that his attorney breached the plea agreement made with the prosecution for the five-year sentence. However, the record reflects that the negotiated agreement was withdrawn not because of the attorney's actions or inactions but because of Sweat's felony history and his use of family members in his criminal activities. Accordingly, we find no merit to this issue.
¶ 25. THE JUDGMENT OF THE ITAWAMBA COUNTY CIRCUIT COURT DISMISSING APPELLANT'S MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED ON ALL ISSUES EXCEPT THE CLAIM THAT APPELLANT RECEIVED AN ILLEGAL SENTENCE. AS TO THIS CLAIM, THE JUDGMENT IS REVERSED, AND THE CASE IS REMANDED TO THE CIRCUIT COURT FOR PROPER RESENTENCING CONSISTENT WITH THIS OPINION. ALL COSTS ARE ASSESSED TO ITAWAMBA COUNTY.
KING, C.J., LEE, P.J., BARNES AND ISHEE, JJ., CONCUR.
GRIFFIS, J., Concurring in Part and Dissenting in Part.
¶ 26. With respect for the majority, I dissent from the majority's decision to reverse *19 and remand for resentencing on issue 1 and concur on all other issues.
¶ 27. The circuit court's sentencing order, when considered along with recent decisions and the statutory scheme for sentencing prior convicted felons, requires that we affirm but modify the sentence of Joe Earl Sweat. Due to an intervening decision of the Mississippi Supreme Court, I would correct Sweat's sentence to provide that he is sentenced to a term of twenty years, with twelve years to be served under post-release supervision and five years of the post-release supervision to be supervised by the Mississippi Department of Corrections, pursuant to the provisions of Mississippi Code Annotated Section 47-7-34 (Rev.2004). See Miller v. State, 875 So.2d 194, 200(¶ 13) (Miss.2004)(instructions on proper sentencing of prior convicted felons using Section 47-7-34).
¶ 28. By order dated June 13, 2002, Sweat was sentenced to serve a term of twenty years, with twelve years of that sentence suspended and five years post-release supervision. The circuit judge's sentencing order provided:

ORDER

(INCARCERATION WITH POST-RELEASE SUPERVISION)
. . .
IT IS, therefore, Ordered and Adjudged by the Court that the Defendant be and he/she is hereby sentenced to serve a term of Twenty year(s) in the custody of the Mississippi Department of Corrections at a facility to be designated by said department, that Twelve year(s) of said sentence shall be and the same is hereby suspended and that the defendant shall be placed under Post-Release Supervision upon the release from the term of incarceration for a period of Five year(s) pursuant to Mississippi Code Section 47-7-34, and the suspension of said sentence is based on the following conditions:

(a) Defendant shall hereafter commit no offenses against the laws of this or any state of the United States, or the United States;
(b) Avoid injurious or vicious habits;
(c) Avoid person or places of disreputable or harmful character;
(d) Report to the Department of Corrections, as directed by it;
(e) Permit the Field Officer to visit him at home or elsewhere;
(f) Work faithfully at suitable employment so far as possible;
(g) Remain within a specified area unless authorized to leave on proper application therefor
(h) Support his dependents;
(i) That I do hereby waive extradition to the State of Mississippi from any jurisdiction in or outside the United States where I may be found and also agree that I will not contest any effort by any jurisdiction to return me to the State of Mississippi.
(j) Shall pay to the Department of Corrections the sum of $25.00 per month by "certified check" or "money order", until discharged from supervision, per Mississippi Code Section 47-7-49 Annotated.
(k) Defendant will not possess or use any alcoholic beverages, illegal drugs, narcotics, mood altering substances, or any substances controlled by law which are not prescribed for him/her by a physician.
(l) Submit, as provided in Section I of House Bill 354, 1983 Regular Session, to any type of breath, saliva or urine chemical analysis test, the purpose of which is to detect the, possible presence *20 of alcohol or a substance prohibited or controlled by any law of the State of Mississippi or the United States, and shall pay a $10.00 fee for each positive urine analysis.
(m) Attend and complete any special programs or counseling as directed by the Court or your Field Officer, and pay any fees as required for services.
(n) Defendant is ordered to pay court costs in the amount of $273.00 and a fine of $5000.00 to be paid at the rate of $40.00 per Month until paid in full, first payment being due 15th Day of each Month and following payments on the same date of each Month being paid to the Circuit Clerk's office of Itawamba County, Mississippi.
(o) Restitution is ordered in the sum of $125.00 (Jointly and Severly) being owed to Mississippi Bureau of Narcotics, being paid following payment of costs and to be paid at the same rate.
(p) And, further, that he/she shall pay a bond fee of $100.00 to the Circuit Court of Itawamba County following payment of restitution.

(Emphasis added).
¶ 29. The majority relies on the language of Sections 47-7-33 and 34 to conclude that "a trial court does not have the authority to suspend the imposition or execution of sentence of a defendant who has been convicted of a felony on a previous occasion." Yet, the majority relies on the language of the statutes and does not cite the appellate court decisions that have considered this proposition. Our previous decisions have not necessarily interpreted these statutes as does the majority.
¶ 30. In Chancellor v. State, 809 So.2d 700, 702(¶ 7) (Miss.Ct.App.2001), Judge James Thomas concluded that "a sentence is not subject to suspension or probation when the defendant has prior felony offenses." This Court seemed to support the majority's conclusion; nevertheless, we declined to grant relief to the defendant that the Court now grants Sweat. Instead, Judge Thomas aptly noted that:
While this argument is well crafted, we find it humorous that Chancellor asserts that he should have served more time for the receiving stolen goods offense. Chancellor benefitted from the lenience of the lower court judge and would now like to argue that such leniency was a violation of his fundamental rights. If the error in sentencing Chancellor for receiving stolen goods is, in fact, error at all, it is harmless error rather than a fundamental one, and an error we might add that benefitted Chancellor. The law states that there is a fundamental right to be free from an illegal sentence is interpreted to apply to sentences which cause the defendant to endure an undue burden rather than the luxury of a lesser sentence.
Id. at (¶ 8). See also McGleachie v. State, 800 So.2d 561, 563(¶ 4) (Miss.Ct.App. 2001)(same reasoning applied). Thereafter, in Graves v. State 822 So.2d 1089, 1091(¶ 8) (Miss.Ct.App.2002), the author of the majority cited McGleachie and wrote that the defendant "has not been prejudiced as a result of his illegal sentence. Instead, he has benefitted from it. He cannot stand mute when he is handed an illegal sentence which is more favorable than what the legal sentence would have been, reap the favorable benefits of that illegal sentence, and later claim to have been prejudiced as a result thereof."
¶ 31. We have even ruled the opposite of the majority's proposition. Approximately one month prior to Sweat's sentencing order, on May 14, 2002, this Court held that Section 47-7-34 allowed the trial *21 court to suspend the sentence of a prior convicted felon. Gaston v. State, 817 So.2d 613, 619(¶ 20) (Miss.Ct.App.2002). Although Chancellor, McGleachie and Graves appear to be in direct conflict with Gaston, they each reach the same conclusion  i.e. the fact that a circuit judge suspends the sentence of a prior convicted felon is not sufficient grounds for relief.
¶ 32. In sentencing Sweat, it appears that the circuit court followed our decisions in Chancellor and Gaston. The circuit court granted Sweat, a prior convicted felon, a suspended sentence. However, to comply with Section 47-7-34, the circuit court went further and made it abundantly clear that the suspended portion of Sweat's sentence would be served under certain conditions, very similar to unsupervised probation. The majority mistakenly believes that I would make a substantial change to Sweat's sentence. In my opinion, Sweat would be subject to the very same conditions that the circuit judge clearly imposed in subparagraphs (a) through (p) of the sentencing order. The circuit court made it obvious that if Sweat violated any of the conditions then he could be required to serve the entire suspended portion of his sentence. The essence of this order is that Sweat, as a prior convicted felon, will receive the benefit of a lenient sentence but only as long as he complies with the conditions. If Sweat violates any of the conditions and fails to comply with the law, he will receive the remainder of his sentence. The circuit court wisely decided to give Sweat an incentive to behave himself within the laws of society.
¶ 33. In Boddie v. State, 875 So.2d 180, 182 n. 1(¶ 4) (Miss.2004), Justice George Carlson made the following comparison:
Pursuant to Miss.Code Ann. § 47-7-34, the "maximum amount of time that the Mississippi Department of Corrections may supervise an offender on the postrelease supervision program is five (5) years." The practical effect of the sentence would be that, just like supervised probation or a suspended sentence (with no MDOC supervision), only five years of Boddie's post-release supervision would be under the direction of the MDOC, with the remaining five years being served in essence like "unsupervised probation" or a suspended sentence.
It is clear to me that the circuit court, in sentencing Sweat, intended the remaining seven years of Sweat's sentence to be served under specific conditions, which are what Justice Carlson referred to as "in essence like `unsupervised probation' or a suspended sentence." Id.
¶ 34. One week after Boddie, the Mississippi Supreme Court, with Justice Carlson again writing for the majority, decided Miller v. State, 875 So.2d 194 (Miss.2004), which clarified the proper interpretation of Section 47-7-34.
¶ 35. Miller was sentenced to serve "one year in the custody of the Mississippi Department of Corrections followed by ten years of supervised probation." Id. at 196(¶ 1). This Court reversed and remanded for the "the limited purpose of correcting that portion of the sentence which requires post-release supervision for a period of excess of five years." Id. The supreme court however held that:
Supervised probation and post-release supervision are totally different statutory creatures. Miss.Code Ann. § 47-7-33 provides for supervised probation, while Miss.Code Ann. § 47-7-34 provides for post-release supervision. At least two major differences in these two statutes are (1) supervised probation may not be imposed on a convicted felon while post-release supervision may be imposed on a convicted felon; and, (2) *22 supervised probation is limited to five years while post-release supervision is not. Section 47-7-34 states inter alia that "the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed." While the statute unquestionably limits to five years the period of time that the MDOC may supervise an offender who is on post-release supervision, the clear language of the statute does not limit the total number of years of post-release supervision to five years. That having been said, we note that the trial court in the case sub judice sentenced Miller, inter alia, as follows:
The Defendant is hereby sentenced to a term of one (1) year in the Mississippi Department of Corrections followed by supervised probation under the supervision of the Mississippi Department of Corrections for a period of ten (10) years or until the court in term time or the Judge in vacation shall alter, extend, terminate or direct the execution of the above sentence.
* * * *
The Defendant is only required to meet with [the] probation officer at the statutory minimum guidelines.
Thus, it is clear that the trial judge was placing Miller on probation, but only five (5) years of which would be served under the supervision of the MDOC with the remaining five years being in essence "unsupervised probation." There is no doubt that Miller could not be required to serve more than five years by way of reporting to a MDOC probation officer (supervised probation), but upon release from the reporting requirements by the MDOC officer and/or the trial court, Miller no doubt could serve the remainder of his sentence by way of unsupervised probation. The sentence was not violative of Sections 47-7-33, 47-7-34 or 47-7-37. Therefore, the Court of Appeals erred in reversing the sentence imposed by the trial court.
CONCLUSION
Finding that both the Court of Appeals and the Circuit Court of DeSoto County were correct in holding that the jury properly concluded from substantial evidence as revealed in the record, that Donald Wade Miller was guilty of arson, we affirm Miller's conviction. We also find that the trial court was authorized by the applicable statutes to sentence Miller to one year in the custody of the Mississippi Department of Corrections followed by ten years of supervised probation limited by the clear language of the sentencing order to the maximum five-year period for MDOC supervision. [FN4] Therefore, we affirm in part, and reverse in part, the judgment of the Court of Appeals and reinstate and affirm in toto the judgment of the DeSoto County Circuit Court.
FN4. There is no doubt that the better practice in this situation would have been to sentence the defendant to ten years of post-release supervision as opposed to supervised probation.
Finally, we suggest to our learned trial judges that when sentencing a defendant to a period of incarceration followed by a period of supervision by the MDOC, post-release supervision under the provisions of Miss.Code Ann. § 47-7-34, is the better procedure. Additionally, we suggest to our trial judges that when sentencing a defendant to either supervised probation or post-release supervision, it should be made clear in the sentencing order that any MDOC supervision is limited to no more than the statutory maximum of five years.
Miller, 875 So.2d 194, 199-200 (¶¶ 10-13).
¶ 36. Miller is virtually identical to the case at hand. Sweat was sentenced to *23 serve twenty years, with eight to serve and twelve years of what can only be interpreted as supervised probation. Had the circuit court had the benefit of Miller, I am convinced that Sweat would have been sentenced as the last paragraph of Miller suggests to "a period of incarceration [eight years] followed by a period of supervision by the MDOC [twelve years with the same conditions as subparagraphs (a) through (o) of the sentencing order], [with the] post-release supervision under the provisions of Miss.Code Ann. § 47-7-34 [limited to five years]."
¶ 37. There was no error that requires reversal and remand for resentencing. Indeed, I see the necessity of resentencing to be a waste of judicial resources. We have the authority to modify and correct the sentence. See United States v. Hernandez-Guevara, 162 F.3d 863, 878 (5th Cir. 1998) (remand for resentencing not necessary where trial court made it clear that defendant would be under supervision as long as possible.)
¶ 38. Accordingly, I would affirm the circuit court's denial of the motion for post-conviction relief, but I would modify the sentencing order to correct Sweat's sentence to provide that he is sentenced to a term of twenty years, with twelve years to be served under post-release supervision and five years of the post-release supervision to be supervised by the Mississippi Department of Corrections, pursuant to the provisions of Mississippi Code Annotated Section 47-7-34 (Rev.2004).
BRIDGES, P.J., MYERS AND CHANDLER, JJ., JOIN THIS SEPARATE OPINION.